```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------  X
                                                              :  Case No. 12-340 (ERK)(JO)
IN RE: HOLOCAUST VICTIM ASSETS                                :
LITIGATION                                                    :  (Consolidated with CV 96-4849,
                                                              :  CV 96-5161 and CV 97-461)
------------------------------------------------------------  :
                                                              :
This Document Relates to: All Cases                           :  **MEMORANDUM & ORDER**
                                                              :
                                                              :
                                                              :
                                                              :
------------------------------------------------------------  X
```

# MEMORANDUM & ORDER ORDERING THE PRODUCTION OF INFORMATION AND DOCUMENTS IN *IN RE ACCOUNTS OF PAUL WITTGENSTEIN ET AL.*

KORMAN, J.:

In a decision docketed on November 16, 2011, the Zurich-based Claims Resolution Tribunal ("CRT"), which serves as the Court's administrative agency for purposes of analysis of claims to Holocaust-era Swiss bank accounts and which operates under the supervision of the Court and its Special Masters, issued a denial to the claimed accounts of Paul Wittgenstein, Hermine Wittgenstein, Helene Salzer, *Wistag AG* and *Wistag Partnership* (the "Denial"). On December 16, 2011, Stephen Harnik, the legal representative of the claimants in that case, submitted an appeal (the "Appeal") to the CRT's Denial. On February 14, 2012 and March 20, 2012 Mr. Harnik submitted additional documents in support of the Appeal.

In the cover letter to his February 14, 2012 submission, Mr. Harnik for the first time disclosed that two awards had been issued with regard to at least some of the claimed assets. According to Mr. Harnik, an award in the amount of $147,644 was received pursuant to the Austrian Bank Settlement (*In re Austrian and German Bank Holocaust Litigation* 98 CV 3938 SWK (SDNY)). Mr. Harnik did not provide the date on which this award was made. According to Mr. Harnik, in 2009 the Austrian General Settlement Fund for Victims of National Socialism

1

("GSF") issued an award in the amount of $712,886.21. Mr. Harnik stated that this amount was net of the award amount received from the Austrian Bank Settlement. He did not provide the claims and supporting materials submitted in these proceedings, nor did he provide the actual decisions detailing these awards. Mr. Harnik stated in his February 14, 2012 letter that "in the event the Court reverses the Denial and is inclined to render an award to Paul's heirs, it will be my recommendation that they (including the Trust) not object to an appropriate credit for the GSF Award." Presumably, then, the GSF and Austrian Bank Settlement Awards that Mr. Harnik has not yet provided address some of the very issues related to the claim filed on behalf of the claimants he represents. These documents should have been provided in response to my order of January 25, 2012.

Other than information relating to the Austrian Bank Settlement and GSF Awards (provided only on appeal, on February 14, 2012) and the 2006 decision of the Austrian Arbitration Panel for Restitution in Kind regarding real property (provided in 2010), Mr. Harnik did not submit information about any restitution proceedings that may have been initiated after Paul's death on March 3, 1961 on behalf of Paul's estate or on behalf of the trusts established in Paul's will.

In the interest of the efficient completion of my analysis of the Appeal, it is hereby

ORDERED that on or before April 18, 2012, Mr. Harnik produce the original claims filed with the Austrian Bank Settlement and the GSF and any and all supporting material relevant to the present claim and not previously submitted;

ORDERED that on or before April 18, 2012, Mr. Harnik produce the decisions and any explanatory material issued by the Austrian Bank Settlement and the GSF in connection with these awards; and

2

ORDERED that on or before April 18, 2012, Mr. Harnik provide any and all information about any other restitution proceedings not previously disclosed to this Court that were initiated after Paul Wittgenstein's death on behalf of his estate or on behalf of the trusts created under his will. If no such restitution proceedings were initiated, I direct Mr. Harnik to state so in an affidavit.

It is clear that a number of relevant documents are written in German. While we have endeavored to have those documents translated, it is not clear to me whether Mr. Harnik or anyone in his law firm is fluent in German. I would appreciate it if he would advise me of how potentially relevant German-language documents have been screened to ensure compliance with my order of January 25, 2012.

Finally, in enclosing documents in response to my order, Mr. Harnik stated that he did so "with the understanding that they will not be published, but rather, will be kept confidential in compliance with the CRT's Rules." This condition is unacceptable. Indeed, on July 26, 2010, this condition was rejected by the CRT. The CRT stated that, "the Court places particular emphasis on the transparency of the CRT award-making process. Accordingly, it is not possible for the CRT to withhold determinative information from disclosure in a decision. All decisions are published on the CRT website." The only exception to this rule is that, when requested, as in this case, "the names of the claimants and any relatives of the claimants, other than the account owners, will be redacted from the final decision before publication."

Dated:    Brooklyn, New York
         April 11, 2012                       SO ORDERED:

*Edward R. Korman*
                                      Edward R. Korman
                                  United States District Judge